UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD S.[1]<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 23-12485<br>Honorable Laurie J. Michelson<br>Magistrate Judge Kimberly G. Altman |

**ORDER ADOPTING REPORT AND RECOMMENDATION [15], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]**

Richard S. applied for disability insurance benefits in 2021 due to a number of conditions, including chronic obstructive pulmonary disease (COPD, i.e., lung disease), degenerative bone disease of the lower back and hip, left lung removal, Schamberg disease (chronic discoloration of skin), and nerve/tendon damage to his right foot. (ECF No. 6-1, PageID.196.) The Commissioner of Social Security denied Richard's claim, and Richard now seeks judicial review of that denial under 42 U.S.C. § 405(g). (ECF No. 1.) On August 9, 2024, Magistrate Judge Kimberly G. Altman issued a Report and Recommendation (ECF No. 15) to grant the Commissioner's motion for summary judgment (ECF No. 14), affirm the Administrative Law Judge's

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

decision denying Richard's claim, and deny Richard's motion for summary judgment (ECF No. 12).

At the conclusion of her Report and Recommendation, Judge Altman notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF 15, PageID.706.) That deadline has passed and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." *See also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the federal Constitution. *Thomas*, 474 U.S. at 155. And "although exceptional circumstances may warrant departure from this forfeiture rule in the interests of justice, no such

2

circumstances are present in this case." *White v. AJM Packaging Corp.*, No. 23-1618, 2024 U.S. App. LEXIS 5824, at *4 (6th Cir. Mar. 11, 2024) (citing *Thomas*, 474 U.S. at 155; *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012)).

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation (ECF No. 15) and adopts the recommended disposition. It follows that the Commissioner's motion for summary judgment (ECF No. 14) is GRANTED and Richard's motion for summary judgement (ECF No. 12) is DENIED. A separate judgment will follow.

SO ORDERED.

Dated: August 28, 2024

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE